IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STACI LYN CARNEY**, <br><br> Plaintiff, <br><br> v. <br><br> **FRANK WALL**, <br><br> Defendant. | Case No. 3:22-cv-00200-IM <br><br> **OPINION AND ORDER** |

**IMMERGUT, District Judge.**

Plaintiff Staci Lyn Carney, proceeding pro se, brings this action under 29 U.S.C. § 1109, 15 U.S.C. § 689n, and 29 U.S.C. § 1104 against Defendant Frank Wall, her former attorney. ECF 1 at 3–4. Plaintiff filed an application to proceed *in forma pauperis*. ECF 2.

Having reviewed Plaintiff's assets, ECF 2 at 1–4, this Court grants Plaintiff's motion to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1) ("[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit . . . without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets

PAGE 1 – OPINION AND ORDER

such [person] possesses that the person is unable to pay such fees[.]"). For the reasons stated below, however, this Court also dismisses Plaintiff's complaint without prejudice as to refiling this action under an appropriate theory in state court.

## STANDARD OF REVIEW

The court must dismiss an action initiated by a party proceeding *in forma pauperis*, if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc) (observing that this section applies to all *in forma pauperis* complaints).

A complaint fails to state a claim when there is no legal cognizable legal theory, or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The plaintiff "may not simply recite the elements of a cause of action, but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying factual allegations must "*plausibly* suggest an entitlement to relief." *Id.* (emphasis added).

*Pro se* plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an

PAGE 2 – OPINION AND ORDER

opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (internal quotation marks omitted) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

## DISCUSSION

Plaintiff alleges that Defendant breached his "fiduciary duty" to her as her attorney. ECF 1 at 4. Plaintiff argues that her claims present a federal question because they are based on 29 U.S.C. § 1104 (breach of fiduciary duty); 29 U.S.C. § 1109 (liability for breach of fiduciary duty); and 15 U.S.C. § 689n (unlawful acts and omissions). *Id*. at 3. Specifically, Plaintiff claims that Defendant "ignored [her], lied to [her], failed to do what [she] asked even demanded. He intentionally and bla[ta]nt[ ]ly caused harm to [her] case. He represented opposing party as well only 3 years prior in same matter and lied when asked." *Id.* at 4. Plaintiff also claims that Defendant "made undisclosed agreements with other party, his actions bound me to things. He refused to resign after asked or remove himself when I tried to fire him." *Id*. Further, Plaintiff accuses Defendant of failing to return calls or reply to emails; waiting to file motions in court; not submitting exhibits provided by Plaintiff; and not "object[ing] to changes being made to my superceders [sic] undertaking binding me to orders that were unfair and unreasonable." *Id*. at 6.

In her prayer for relief, Plaintiff requests a jury trial, though it is unclear whether she means a jury trial for her instant claims or in some underlying dispute. *Id*. at 1.[1]

This Court dismisses Plaintiff's complaint on the basis that (1) Plaintiff has failed to state a claim upon which relief can be granted and (2) Plaintiff has failed to comply with Federal Rule of Civil Procedure 8.

---

[1] Elsewhere in the Complaint, Plaintiff clarified that she was Defendant's client in a landlord-tenant dispute. ECF 1 at 6.

PAGE 3 – OPINION AND ORDER

### I. Failure to State a Claim Upon Which Relief can be Granted

29 U.S.C. §§ 1104, 1109 are fiduciary duty provisions under the Employee Retirement Income Security Act ("ERISA"). 15 U.S.C. § 689n refers to unlawful acts and omissions and breaches of fiduciary duty in the context of the New Markets Venture Capital Program. Plaintiff's Complaint does not allege any facts implicating either ERISA or the New Markets Venture Capital Program. Rather, Plaintiff's Complaint alleges attorney misconduct and potentially malpractice. Such an action is a matter of state law, not a federal question. *See Marshall v. PricewaterhouseCoopers, LLP*, 316 Or. App. 416, 438 (2021) (citing *Stevens v. Bispham*, 316 Or. 221, 227 (1993) (defining legal malpractice as a tort action).

Where a complaint can be remedied by amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam). Here, there is no indication that amendment can remedy the deficiency in the Complaint: no set of facts would bring an attorney-client dispute within the ambit of ERISA or the New Markets Venture Capital Program's fiduciary duty rules. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (noting that a pro se complaint may be dismissed only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief" (internal quotation marks and citation omitted)). Plaintiff's Complaint, ECF 1, is dismissed without prejudice. To the extent she wishes to pursue these claims, she may file them in the appropriate court under the appropriate laws.

### II. Federal Rule of Civil Procedure 8

In addition to failing to state a claim, Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8 ("Rule 8"). Rule 8 requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A

"claim" is "the aggregate of operative facts which give rise to a right enforceable in the courts." *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000) (internal quotation marks and citation omitted). Compliance with Rule 8 therefore requires a plaintiff to plead a short and plain statement "identifying the transaction[s] or occurrence[s] giving rise to the claims and the elements of a prima facie case" for each claim alleged. *Id*. Though detailed factual allegations are not required, a plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, a pleading that offers "labels and conclusions," "a formulaic recitation of the elements," or "naked assertion[s] devoid of further factual enhancement" will not suffice. *Id*. (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Plaintiff's Complaint falls short of the requirements under Rule 8. Plaintiff accuses Defendant of "costing [her] everything," but states that she "can't even begin to explain [it] in a written statement." ECF 1 at 4. Plaintiff accuses Defendant of lying and ignoring her calls and emails, *id*. at 4, 6, but does not recount any specific incidents or details. Similarly, Plaintiff claims that Defendant refused to file certain motions but does not state what those motions were or why he refused to file them. *Id*. at 6. The most specific allegation Plaintiff makes is that Defendant represented her opposing party "only 3 years prior in the same matter." *Id*. at 4. But even this allegation is threadbare and does not explain what the matter was, the nature of Defendant's former representation, to whom Defendant revealed that representation, or whether consent was obtained from any affected party. Plaintiff simply states that Defendant "lied" about the representation. Put simply, Plaintiff offers naked assertions devoid of further factual enhancement, *Iqbal*, 556 U.S. at 678, and leaves this Court, and Defendant, to guess as to the specifics of the underlying incidents that give rise to the action.

PAGE 5 – OPINION AND ORDER

On its own, noncompliance with Rule 8 would require amendment to avoid dismissal. However, as noted above, Plaintiff's Complaint also fails to state a claim and so the case is dismissed without leave to amend in this Court, but without prejudice as to refiling this action in state court, if appropriate.

## CONCLUSION

Plaintiff's Application for Leave to Proceed *in forma pauperis*, ECF 2, is GRANTED. Plaintiff's Complaint, ECF 1, is DISMISSED without leave to amend in this Court, but without prejudice as to refiling this action in state court within thirty days of this Order.

**IT IS SO ORDERED.**

DATED this 24th day of February, 2022.

/s/ Karin J. Immergut_____
Karin J. Immergut
United States District Judge